IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LA TECA WILLIAMS, Individually
and on behalf of the heirs at law of
Teca Jordan, Deceased                                        PLAINTIFF

VS.                          Case No. 04-CV-4117

SCOTT BRADSHAW, In his individual
capacity; TY BASILIERE, In his individual
capacity; CLINT TEDFORD, In his
individual capacity; CITY OF NASHVILLE,
ARKANSAS; and HOWARD COUNTY,
ARKANSAS                                                    DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Defendants' Motions for Judgment on the Pleadings.  (Docs. 13 and

15)  Plaintiff has responded.  (Docs. 17 and 25)  Also before the Court is Plaintiff's Motion for

Leave to File First Amended Complaint.  (Doc. 19)  Separate Defendant Scott Bradshaw, In his

individual capacity, has responded.  (Docs. 21 and 26)  Plaintiff has filed a reply.  (Doc. 22)  The

Court held a hearing on these motions on November 17, 2005.  The Court finds the motions ripe

for consideration.

## I.  BACKGROUND

Plaintiff LaTeca Williams, Individually and on behalf of the heirs at law of Teca Jordan,

Deceased, filed this suit against Scott Bradshaw, Ty Basiliere, Clint Tedford, in their individual

capacities, the City of Nashville, Arkansas, and Howard County, Arkansas on August 10, 2004.[1]

LaTeca Williams is the surviving daughter of Teca Jordan.[2]  The complaint alleges that on

---

[1]  Doc. 1.

[2]  Id., ¶ I.

August 16, 2002, Bradshaw, a law enforcement officer employed by the Arkansas State Police, Basiliere and Tedford, law enforcement officers employed by the City of Nashville, Arkansas ("Nashville"), executed a search warrant at Jordan's home.[3] The officers found drugs at Jordan's house and took her into custody. Tedford transported Jordan to the Howard County jail ("the Jail").[4]

Thereafter, Bradshaw and Basiliere began interrogating Jordan. Around 3:40 p.m., in the presence of Bradshaw, Basiliere and Tedford, Jordan began talking unintelligently and experiencing seizures. At this time, LaTeca Williams arrived at the jail. Bradshaw and Basiliere informed Williams that Jordan was "faking a seizure" in an attempt to avoid jail time. The officers allowed Williams into a room with Jordan. Jordan lost consciousness with Williams in the room. Williams attempted to resuscitate Jordan, but the officers ordered Williams to leave the room or face criminal charges. Williams requested medical help for Jordan between 4:00 and 4:15 p.m. The officers did not request an ambulance until after 5:00 p.m.[5]

In fact, Jordan had ingested cocaine at the time of her arrest, and the seizures resulted from cocaine poisoning. An ambulance transported Jordan to the Howard Memorial Hospital. Subsequently, Jordan was transported to a hospital in Texarkana, Texas. Jordan died from cocaine intoxication on August 18, 2002.[6]

The complaint alleges the defendants deprived Jordan of her Eighth Amendment right

---

[3] Id., ¶¶ II and VII.

[4] Id.

[5] Id.

[6] Id.

not to be subjected to cruel and unusual punishment and her right to equal protection under the Constitution.[7] With respect to the Eighth Amendment claim, the complaint states the officers decision not to call for medical help for an hour and a half after Jordan began having convulsions showed a deliberate indifference to Jordan's serious medical needs.[8] With respect to the equal protection claim, the complaint alleges a number of African American detainees have died in the custody of law enforcement officers in Nashville and the Jail. The complaint alleges the officers' actions help establish a custom and usage of mistreating African American detainees of Nashville and the Jail.[9] These claims are brought pursuant to 42 U.S.C. § 1983.[10]

The complaint also states a claim by Williams for the wrongful death of Jordan. For the wrongful death claim, Williams seeks damages for loss of consortium, mental anguish, medical expenses, and the cost of funeral services for all of Jordan's heirs at law.[11] Williams also seeks punitive damages and attorneys fees.[12] The Circuit Court of Howard County, Arkansas appointed Williams special administratrix of Jordan's estate on October 14, 2005.[13]

Defendants argue Williams does not have standing to pursue either Jordan's claims for violations of her constitutional rights or a wrongful death claim as pled in her complaint. Williams argues any deficiencies in her complaint can be corrected by allowing her to amend her

---

[7] Id., ¶ VIII.

[8] Id., ¶ VII.

[9] Id., ¶ X.

[10] Id., ¶ V.

[11] Id., ¶¶ XII, XIII.

[12] Id., ¶¶ XIV, XV.

[13] Doc. 25, Ex. A.

complaint. In response, Defendants argue the statute of limitations has run on any claims in the proposed amended complaint. Defendants further argue that the proposed amended complaint cannot relate back to the filing of the original complaint to escape the statute of limitations issue.

## II. DISCUSSION

### A. The survival claim

The interplay between Arkansas' survival statute, § 16-62-101, and the "relation back" doctrine of Fed. R. Civ. P. 15(c) is at issue here. In the great majority of times a plaintiff wishes her proposed amended complaint to relate back to her original complaint so that the statute of limitations is avoided, the Court would only need look to Fed. R. Civ. P. 15(c) and the case law setting forth the "relation back" doctrine. Here, Williams essentially asks the Court to do just that and ignore Arkansas case law interpreting § 16-62-101. The parties and the Court agree *Russell v. New Amsterdam Casualty Co.*, 303 F.2d 674 (8thCir. 1962) is the most illustrative Eighth Circuit Court of Appeals case addressing similar issues.

### A. The *Russell* case

In *Russell*, Shirley M. Russell ("Shirley") filed a complaint in the United States District Court for the District of Nebraska alleging a claim for herself as personal representative of the estate of James G. Russell ("James"), her deceased husband. *Id.* at 675. She alleged that defendant Consumers Public Power District's ("CPPD") negligent acts killed her husband and that the district court had diversity of citizenship jurisdiction. Shirley filed the complaint one day prior to Nebraska's two-year statute of limitations for wrongful death actions[14] expiring. *Id.*

On August 6, 1960, CPPD moved to dismiss the case arguing (1) Shirley had no legal

---

[14] Neb. Rev. Stat. § 30-810 (Mitchie 1956).

4

capacity to maintain the action and (2) failure to join an indispensable party, specifically, the personal representative of James' estate under Nebraska law[15]. *Id.* On September 2, 1960, Shirley moved to amend her complaint, alleging that on August 11, 1960, she filed a petition for appointment as special administratrix of James' estate in Nebraska state court and that she had received letters of special administratrix from the state court. *Id.* The district court granted CPPD's motion to dismiss, tacitly denying Shirley's motion to amend her complaint, and Shirley appealed. *Id.* at 675-6.

The Eighth Circuit reversed the decision of the district court and remanded the case. *Id.* at 681. The Eighth Circuit believed the district court "failed to come to grips with" the "crucial issue" of the right of Shirley to amend her complaint after the two-year statute of limitations had expired by alleging she had been duly appointed as representative of James' estate. *Id.* at 676. The Eighth Circuit conducted an extensive review of the law on the issue of whether an amended complaint which substitutes a party having legal capacity to sue for a party lacking such right introduces a new and different cause of action. *Id.* While it reviewed a good number of treatises and decisions interpreting the Federal Employers' Liability Act of 1908[16] and state law other than Nebraska's, the Eighth Circuit's decision ultimately rested on its review of Nebraska cases interpreting its wrongful death statutes. *Id.* at 676-80. In summarizing its review of Nebraska cases, The Eighth Circuit wrote, "We fully recognize the distinguishable factual situations apparent in the cited Nebraska cases but to us they nevertheless strongly indicate that Nebraska has adopted a position of liberality in permitting amendments to the

---

[15] Neb. Rev. Stat. §§ 30-809, 810 (Mitchie 1956).

[16] 45 U.S.C.A. § 51.

original petition." *Id.* at 680.  The Eighth Circuit thought "that the order of dismissal was

induced by an erroneous concept of Nebraska law." *Id.*  Ultimately, the Eighth Circuit held "that

under the circumstances, the amendment did not introduce a new and different cause of action,

but went to the right to pursue the same cause of action alleged in the original complaint; that the

amendment was therefore procedural, bringing into play Rule 15(c) of the Federal rules (sic.) of

Civil Procedure[.]"

Unlike *Russell*, this Court's jurisdiction over this case is based on a federal question.

However, 28 U.S.C. § 1983 does not address the question of the survival of an action where the

individual whose civil rights have allegedly been violated has died.  *See Archer v. Preisser*, 723

F.2d 639 (8thCir. 1983).  Title 42 U.S.C. § 1988 allows reference to state law for questions left

unanswered by applicable federal law.  *Id.*  Therefore, the Court believes that *Russell* and *Archer*

show that it must look to Arkansas state law to determine whether Jordan's purported survival

claim brought under § 1983 is valid as pled in the complaint.

**B.**      **Arkansas' cases interpreting the survival statute**

The Arkansas survival statute states, "For wrongs done to the person or property of

another, an action may be maintained against a wrongdoer, and the action may be brought by the

person injured or, after his or her death, by his or her executor or administrator against the

wrongdoer[.]" Ark. Code Ann. § 16-62-101(a)(1).  Under Arkansas law, an action for the

recovery of damages by a deceased person suffered prior to death is a survival action.

*McDonald v. Pettus*, 337 Ark. 265, 988 S.W.2d 9 (1999).  Survival actions are in derogation of

the common law and must be strictly construed; nothing may be taken as intended that is not

clearly expressed.  *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County, Western*

*Div.*, 348 Ark. 197, 73 S.W.3d 584 (2002). An administrator or executor is the only person who can file a survival action. *Id.*, 348 Ark. at 203-4, 73 S.W.3d at 588; *see also Smith ex re. Shepard v. St. Paul Fire & Marine Ins. Co.*, 76 Ark.App. 264, 64 S.W.3d 764 (Ark.App. 2001). A complaint alleging a survival action filed by a party other than an administrator or executor is a nullity. *St. Paul Mercury Ins. Co.*, 348 Ark. at 201, 73 S.W.3d at 586.

Here, Williams was not Jordan's administrator nor executor when she filed the complaint. Therefore, Williams' complaint was not sufficient to state a survival claim under Arkansas law. Williams was not appointed administratrix of Jordan's estate until October 13, 2005, and the proposed amended complaint designates her as administratrix of Jordan's estate. Jordan died on August 18, 2002. The Arkansas statute of limitations for personal injuries is three years. Ark. Cod Ann. § 16-56-105(3). The three-year personal injury statute of limitations applies to § 1983 actions filed in Arkansas. *Miller v. Norris*, 247 F.3d 736 (8thCir. 2001).

The Arkansas Supreme Court has undoubtedly taken a strict approach to survival claims pled in complaints not filed by the administrator or executor of the deceased. Under Arkansas law, The Court finds Williams' survival claims as pled in her complaint are nullities and should be treated as if they were never filed. The Court also finds the statute of limitations on the survival claim ran on August 18, 2005 without a valid complaint alleging a survival claim having been filed. Since there is no valid complaint alleging a survival action, the Court finds there in no pleading to which Williams' proposed amended complaint can relate back.

**B.      The wrongful death claim**

Surviving family members are not allowed to recover wrongful death damages in § 1983 cases. *Andrews v. Neer*, 253 F.3d 1052 (8thCir. 2001). Allowing such damages would

impermissibly broaden damages available under § 1983 and permit "shoehorn" recovery available under state wrongful death statutes in federal § 1983 actions. *Id.* Williams' wrongful death claim seeks recovery for damages available under Arkansas' wrongful death statute. *See* Ark. Code Ann. § 16-62-102(f). The complaint alleges Defendants are liable for these damages because Defendants deprived Jordan of her constitutional rights, causing her death. Williams does not allege Defendants are liable under any state law causes of action. Therefore, the Court finds Williams cannot bring her wrongful death claim under § 1983.

There is another reason Williams' wrongful death claim fails. Arkansas' wrongful death statute states, "Every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person." Ark. Code Ann. § 16-62-102(b). Among the "heirs at law" are the deceased person's children, brothers and sisters. Ark. Code Ann. § 16-62-102(d)(1). If there is no personal representative of the deceased person, then a wrongful death action must be brought by all the heirs at law of the deceased. *Ramirez v. White County Circuit Court*, 38 S.W.3d 298, 343 Ark. 372 (2001).

No personal representative of Jordan's estate had been appointed at the time Williams filed her complaint. Therefore, all of Jordan's heirs at law must be plaintiffs in this suit. The complaint alleges Jordan's heirs at law are Jordan's daughter, Williams, a son, Nicholas Jordan, and siblings Harold Anderson, Sedrick Anderson, Lyndon Anderson, Earmon Anderson, Jr., Vickie Anderson, and Edna Anderson Wiley.[17] The heirs at law, other than Williams, are not named plaintiffs in this suit. Williams attempts to bring the wrongful death claims "on behalf"

---

[17] Doc. 1, ¶ XIII.

of the other heirs at law.[18]  No provision of Arkansas' wrongful death statute allows one heir to

bring wrongful death claims on behalf of other heirs at law.  Given the Arkansas Supreme

Court's strict construction of the wrongful death statute, the Court seriously doubts it would

allow one heir to bring wrongful death claims on behalf of other heirs in order to escape the

requirement of joining all heirs at law as parties to the suit.  The Court believes the Arkansas

Supreme Court would rule Williams' complaint as to her wrongful death claim a nullity and

treat the complaint as if it had never been filed.  Therefore, the Court finds Williams cannot

bring a wrongful death claim because not all the heirs at law are parties to this suit.

Williams seeks to amend her complaint to include a claim for violation of her own

constitutional rights, ground in her relationship with her mother.  Williams did not include such

a claim in her original complaint.  Neither the Eighth Circuit nor the United States Supreme

Court have expressly allowed such claims in a § 1983 action.  However, Williams has cited

cases from other circuits that allow constitutional claims under § 1983 based on the deprivation

of a liberty interest grounded in the familial relationship when a family member allegedly dies at

the hands of a governmental entity.  *See e.g. Trujillo v. Board of County Com'rs of Santa Fe*

*County*, 768 F.2d 1186 (10thCir. 1985); *Kelson v. City of Springfield*, 767 F.2d 651 (9thCir.

1985).  Since the Court would apply Arkansas' three-year statute of limitations for personal

injuries to this claim, the statute of limitations ran on this claim on August 18, 2005, three years

after Jordan's death.  Therefore, the amended complaint must relate back under Fed. R. Civ. P.

15(c) to Williams' original complaint filed on August 10, 2004.  Above, the Court found

Williams complaint was a complete nullity.  The Court believes it must treat the original

---

[18] Id.

complaint as if it had never been filed.  Therefore, the Court finds Williams' claim that

Defendants deprived her of a her constitutionally protected liberty interest grounded in her

relationship with her mother, Jordan, is barred by the three-year statute of limitations.

### III.  CONCLUSION

For the reasons discussed herein and above, the Court finds Defendants' Motions for

Judgment on the Pleadings should be and hereby are **granted** and Plaintiff's Motion for Leave to

File First Amended Complaint should be and hereby is **denied.**  An order of even date shall

issue.

IT IS SO ORDERED, this 3rd day of January, 2006.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Court
